# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **SABRENA BAKER** and **CHRISTINA SETTLES,** on behalf of themselves and others similarly situated, | : : CASE NO. 2:20-cv-1996 : : JUDGE : : MAGISTRATE JUDGE : : **JURY DEMAND ENDORSED HEREON** : : |
| Plaintiffs, | |
| v. | |
| **COLLINS MOBILE, LLC** | |
| Defendant. | |

## PLAINTIFFS' COLLECTIVE AND CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND OHIO LAW

Plaintiffs Sabrena Baker ("Baker" or "Plaintiff Baker") and Christina Settles ("Settles" or "Plaintiff Settles") (collectively "Plaintiffs" or "Named Plaintiffs") individually and on behalf of other members of the general public similarly situated, for their complaint against Defendant Collins Mobile, LLC ("CM" or "Defendant"), for its failure to pay employees overtime wages seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Ohio Minimum Fair Wage Standards Act, O.R.C. 4111.03, and 4111.08 ("the Ohio Wage Act"); and the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code § 4113.15 (the Ohio Wage Act and the OPPA will be referred to collectively as "the Ohio Acts"). The claims under the FLSA are brought as a collective action pursuant to 29 U.S.C. § 216(b); and the claims pursuant to O.R.C. § 4111.03, 4111.08, and the OPPA are brought as a class action pursuant to Rule 23. Plaintiff Settles also further brings individual claims of retaliation under the FLSA and Ohio Wage Act. The following allegations are based on personal knowledge as to the Named Plaintiffs' own

conduct and are made on information and belief as to the acts of others. Named Plaintiffs, individually and on behalf of others similarly situated, hereby states as follows:

## I. JURISDICTION AND VENUE

1. This action is brought pursuant to the FLSA, the Ohio Acts, and 28 U.S.C. §1331.

2. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. §1367 as this Complaint raises additional claims pursuant to the laws of Ohio, over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3. Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Defendant employed the Named Plaintiffs and others similarly situated in the Southern District of Ohio, a substantial part of the events or omissions giving rise to the claim occurred in the Southern District of Ohio, and Defendant conducts substantial business in the Southern District of Ohio.

## II. PARTIES

4. Plaintiff Baker is an individual, United States citizen, and a resident of the State of Ohio living in the Southern District of Ohio.

5. Plaintiff Baker was employed by Defendant beginning in or around May of 2017 until March of 2019.

6. Plaintiff Baker primarily worked as an hourly, non-exempt employee of Defendant as defined in the FLSA and the Ohio Acts.

7. At all times relevant, Plaintiff Baker was employed as a mobile expert or store lead primarily performing customer service responsibilities at Defendant's Pickerington, Ohio ("CM-Pickerington") store.

8. Plaintiff Settles is an individual, United States citizen, and a resident of the State of Ohio living in the Southern District of Ohio.

9. Plaintiff Settles was employed by Defendant beginning in or around March of 2018 until December of 2019.

10. Plaintiff Settles primarily worked as an hourly, non-exempt employee of Defendant as defined in the FLSA and the Ohio Acts.

11. At all relevant times, Plaintiff Settles worked as a mobile expert at Defendant's Oxford, Ohio ("CM-Oxford") and Fairfield, Ohio ("CM-Fairfield") stores. Plaintiff worked at CM-Oxford for the first few months of her employment, and she subsequently worked solely at CM-Fairfield.

12. During their employment with Defendant, Named Plaintiffs and other similarly situated employees were not fully and properly paid in accordance with the minimum requirements of the FLSA for all of their compensable hours worked because Defendant took a meal deduction of 0.5 hours even though Plaintiffs and similarly situated employees were unable to take an uninterrupted meal break.

13. Named Plaintiffs bring this action on behalf of themselves and those similarly situated and have given their written consent to bring this action to collect unpaid overtime compensation under the FLSA. Plaintiffs' consents are being filed along with this Complaint pursuant to 29 U.S.C. §216(b). (*Consents to be Party Plaintiffs*, attached hereto as **Exhibit A**).

14. Defendant is a foreign limited liability company that operates and conducts substantial business activities in the Southern District of Ohio and throughout Ohio.

15. At all times relevant, Defendant was an employer of Plaintiffs and other similarly situated employees as defined in the FLSA and the Ohio Acts.

16. Defendant operates and controls and enterprises and employs employees engaged in commerce or in the production of goods for commerce, or has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and Defendant has had an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

17. At all times relevant hereto, Defendant was fully aware of the fact that it was legally required to comply with the wage and overtime laws of the United States and of the State of Ohio.

### III. FACTS

#### A. Allegations regarding Defendant's meal deduction

18. During their employment with Defendant, Named Plaintiffs and Defendant's other mobile experts and store leads worked as hourly, non-exempt employees.

19. Defendant automatically deducted 0.5 hours from Named Plaintiffs' and Defendant's other mobile experts' and store leads' compensable hours on each shift for a meal break regardless of whether they actually took an uninterrupted 0.5-hour meal break.

20. Named Plaintiffs' and Defendants' other mobile experts and store leads are regularly unable to take a meal break; however, Defendant still deducted 30 minutes from their daily pay.

21. Further, even when Plaintiff or Defendant's other mobile experts and store leads began a meal break, they were often still required to perform substantial duties for Defendant's benefit during those meal breaks. For example, Plaintiff Settles was regularly one of two (2) total mobile experts working at CM-Fairfield, which was the bare minimum required for the store to properly function. When this happened, it was often the case that neither employee could take any meal break, and if they tried to take a meal break, such breaks were often interrupted by their job

duties. Although Plaintiff Settles did not receive a meal break or otherwise had her meal break interrupted, Defendant still deducted a 30-minute meal break.

22. Defendant knew or had reason to know it was not compensating Plaintiffs and Defendant's other mobile experts and store leads for working during their meal breaks.

23. Plaintiffs and Defendant's other mobile experts and store leads informed Defendant that they were unable to take meal breaks.

24. Despite Defendant having a meal deduction override, Defendant did not use the meal deduction override even after Plaintiffs and Defendant's other mobile experts and store leads informed Defendant they were unable to take meal breaks.

25. Defendant either did not have a policy or practice in place to compensate employees for missed or interrupted meal breaks, or if Defendant did have a policy or practice in place, Defendant did not actually follow the policy and compensate employees for missed or interrupted meal breaks.

### b. Allegations regarding uncompensated travel time

26. In addition, Defendant had a policy or practice that mobile experts and store leads were required to clock-out of work anytime they left one of Defendant's stores to go work at one of Defendant's other stores if they were classified as "part-time".[1] Plaintiff Settles was not permitted to be clocked-in while traveling from one store to the other, but instead was told they needed to use their 30-minute meal break for travel time.

---

[1] Although Defendant classified Plaintiff Settles as "part-time," she was often working more than 40 hours per week.

27. For example, Plaintiff Settles spent approximately 45 minutes traveling from CM-Oxford to CM-Fairfield each day she worked at both locations; however, Plaintiff Settles was not paid for this time.

### c. Allegations regarding time punch edits

28. During Plaintiffs' employment, Defendant's managers routinely edited employees' time punches to reduce the amount of overtime being paid to hourly, non-exempt employees despite the time punches reflecting the time the employees were working.

29. By modifying employees' time punches, Plaintiffs and other mobile experts and store leads were not fully compensated for all of the work that they performed.

30. Named Plaintiffs and Defendant's other mobile experts and store leads regularly worked more than 40 hours per week, but they were not paid one and one-half times their regular rate for all of hours worked over 40 as a result of Defendant's: (1) automatic meal deduction policy or practice regardless of whether they were able to take an uninterrupted 30-minute meal break; (2) its practice and policy of not compensating "part-time" employees for time spent working traveling from one of Defendant's stores to another; and/or (3) practice of editing employees' time punches to reduce compensable time worked

31. Defendant's failure to compensate Plaintiffs and other mobile experts and store leads as set forth above resulted in unpaid overtime.

32. At all times relevant herein, Plaintiffs and Defendant's other hourly non-exempt mobile experts and store leads were employees as defined in the FLSA, the Ohio Acts, and Ohio Constitution Art. 2 §34a.

33. Defendant is and has been an "employer" as that term is defined by the FLSA, the Ohio Acts, and Ohio Constitution Art. 2 §34a.

34. During relevant times, Defendant maintained control, oversight, and direction over Named Plaintiffs and other similarly situated mobile experts and store leads, including the promulgation and enforcement of policies affecting the payment of wages, including overtime compensation.

35. During relevant times, Defendant suffered or permitted the Named Plaintiff and those similarly situated to work more than forty (40) hours per workweek, while not compensating them for all such hours worked over forty (40) at a rate of at least one and one-half times their regular rate as a result of Defendant's company-wide policies or practices described above that affect Named Plaintiffs and all other similarly situated employees.

36. Upon information and belief, Defendant, at all times relevant hereto, was fully aware of the fact that it was legally required to comply with the wage and overtime payment laws of the United States and of the State of Ohio as well as recordkeeping laws of the State of Ohio.

37. During relevant times, Defendant had knowledge of and acted willfully in regards to its conduct described herein.

38. Defendant is in possession and control of necessary documents and information from which Plaintiffs would be able to precisely calculate damages.

### IV. FLSA COLLECTIVE ALLEGATIONS

39. The Named Plaintiffs bring their FLSA claims pursuant to 29 U.S.C. §216(b) as a representative action on behalf of themselves and all other similarly situated employees of the opt-in class. The FLSA collective consists of the following:

> All current and former hourly, non-exempt employees of Defendant who worked over 40 hours in any workweek but were not properly compensated for all of their overtime hours worked under the FLSA because of: (1) Defendant's meal deduction; (2) Defendant's failure to pay for travel time; and/or (3)

> Defendant's improper time edits, during the three years preceding the filing of this Complaint and continuing through the final disposition of this case ("FLSA Collective" or "FLSA Collective Members").

40. Named Plaintiffs and putative FLSA Collective Members were all subject to the same policies or practices described above which resulted in unpaid overtime.

41. During some or all of the last three years, Defendant did not compensate Named Plaintiffs and the putative collective members for any time spent performing substantial duties for Defendant's benefit because employees: (i) were unable to take uninterrupted meal breaks; (ii) were not compensated for travel time between stores; and/or (iii) had their time punches improperly modified to reduce compensable time worked.

## V. RULE 23 ALLEGATIONS

42. The Named Plaintiff brings her Ohio Wage Act claims pursuant to Fed. R. Civ. P. 23 as a class action on behalf of herself and all other members of the following class:

> All Ohio current and former hourly, non-exempt employees of Defendant who worked over 40 hours in any workweek but were not properly compensated for all of their overtime hours worked under the FLSA because of: (1) Defendant's meal deduction; (2) Defendant's failure to pay for travel time; and/or (3) Defendant's improper time edits, during the three years preceding the filing of this Complaint and continuing through the final disposition of this case ("Ohio Rule 23 Class" or "Ohio Rule 23 Class Members").

43. The Ohio Rule 23 Class includes all current or former hourly, non-exempt employees employed by Defendant throughout the State of Ohio as defined above.

44. The Ohio Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable.

45. The Named Plaintiffs are members of the Ohio Rule 23 Class and their claims for unpaid wages is typical of the claims of other members of the Rule 23 Class.

46. The Named Plaintiffs will fairly and adequately represent the Rule 23 Class and the interests of all members of the Rule 23 Class.

47. The Named Plaintiffs have no interests that are antagonistic to or in conflict with those interests of the Rule 23 Class that they have undertaken to represent.

48. The Named Plaintiffs have retained competent and experienced class action counsel who can ably represent the interests of the entire Ohio Rule 23 Class.

49. Questions of law and fact are common to the Ohio Rule 23 Class.

50. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendant with respect to their non-exempt employees.

51. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) as Defendant acted or refused to act on grounds generally applicable to the Ohio Rule 23 Class, making appropriate declaratory and injunctive relief with respect to the Named Plaintiffs and the Ohio Rule 23 Class as a whole.

52. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) as the questions of law and facts common to the Ohio Rule 23 Class predominate over questions affecting individual members of the Ohio Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

53. Questions of law and fact that are common to the Ohio Rule 23 Class include, but are not limited to: (a) whether Defendant violated the Ohio Wage Act by failing to pay the Ohio Rule 23 Class for hours worked in excess of forty hours per week; (b) whether Defendant kept accurate records of the amount of time the Ohio Rule 23 Class was working each day; (c) whether Defendant calculated the Ohio Rule 23 Class's overtime rate of pay as required by the statute; (d)

whether Defendant's violations of the Ohio Wage Act were knowing and willful; (e) what amount of unpaid and/or withheld compensation, including overtime compensation, is due to the Named Plaintiffs and other members of the Ohio Rule 23 Class on account of Defendant's violations of the Ohio Wage Act; and (f) what amount of prejudgment interest is due to Ohio Rule 23 Class members on the overtime or other compensation which was withheld or not paid to them.

54. A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiffs' claims and will prevent undue financial, administrative and procedural burdens on the parties and the Court. The Named Plaintiffs and counsel are not aware of any pending Ohio litigation on behalf of the Ohio Rule 23 Class, as defined herein, or on behalf of any individual alleging a similar claim. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against the Defendant to vindicate its rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

### VI. CAUSES OF ACTION

#### FIRST CAUSE OF ACTION:
#### FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME

55. All of the preceding paragraphs are realleged as if fully rewritten herein.

56. This claim is brought as part of a collective action by the Named Plaintiffs on behalf of themselves and the FLSA Collective.

57. The FLSA requires that employees receive overtime compensation for hours worked in excess of forty (40) per week. 29 U.S.C. § 207(a)(1).

58. During the three years preceding the filing of this Complaint, Defendant employed the Named Plaintiffs and the FLSA Collective Members.

59. The Named Plaintiffs and the 216(b) Class Members were paid on an hourly basis and worked in non-exempt positions.

60. The Named Plaintiffs and the FLSA Collective Members regularly worked in excess of 40 hours in workweeks.

61. Defendant violated the FLSA with respect to Named Plaintiffs and the FLSA Collective by, *inter alia*, failing to compensate them at time-and-one-half times their regular rates of pay for all hours worked over forty (40) hours in a workweek because of Defendant's meal deduction, failure to pay for travel time, and/or improper time punch edits.

62. The Named Plaintiffs and the FLSA Collective Members were not exempt from receiving FLSA overtime benefits.

63. Defendant knew or should have known of the overtime payment requirements of the FLSA. Despite such knowledge, Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the FLSA Collective Members are entitled.

64. The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay the Named Plaintiffs and the FLSA Collective Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant or were not kept by Defendant.

65. As a direct and proximate result of Defendant's conduct, the Named Plaintiffs and the FLSA Collective Members have suffered and continue to suffer damages. The Named Plaintiffs seek unpaid overtime and other compensation, liquidated damages, interest and

attorneys' fees, and all other remedies available, on behalf of themselves and the FLSA Collective Members.

## SECOND CAUSE OF ACTION:
## R.C. 4111.03 — RULE 23 CLASS ACTION FOR UNPAID OVERTIME

66. All of the preceding paragraphs are realleged as if fully rewritten herein.

67. This claim is brought under Ohio Law.

68. The Named Plaintiffs and the Ohio Rule 23 Class Members have been employed by Defendant, and Defendant is an employer covered by the overtime requirements under Ohio Law.

69. Ohio Law requires that employees receive overtime compensation "not less than one and one-half times" (1.5) the employee's regular rate of pay for all hours worked over forty (40) in one workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* O.R.C. § 4111.03(A); *see also* 29 U.S.C. § 207(a)(1).

70. The Named Plaintiffs and the Ohio Rule 23 Class Members worked in excess of the maximum weekly hours permitted under O.R.C. § 4111.03, but were not paid overtime wages for all of such time spent working.

71. Defendant's company-wide policies or practices, including their meal deduction, failure to pay travel time, and improper time punch edits, reduced the Named Plaintiffs' and Rule 23 Class Members' compensable hours worked, resulting in unpaid overtime.

72. The Named Plaintiffs and the Ohio Rule 23 Class Members were not exempt from the wage protections of Ohio Law.

73. Defendant's repeated and knowing failures to pay overtime wages to the Named Plaintiffs were violations of R.C. §4111.03, and as such, Defendant willfully withheld and failed

to pay the overtime compensation to which Named Plaintiffs and the Ohio Rule 23 Class Members were entitled.

74. For Defendant's violations of R.C. §4111.03, by which the Named Plaintiffs and the Ohio Rule 23 Class Members have suffered and continue to suffer damages. The Named Plaintiffs seek unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of themselves and the Rule 23 Class Members.

**THIRD CAUSE OF ACTION:**
**R.C. 4113.15 — RULE 23 CLASS ACTION FOR OPPA VIOLATION**

75. All of the preceding paragraphs are realleged as if fully rewritten herein.

76. The Named Plaintiffs and the Ohio Rule 23 Class Members were employed by Defendant.

77. During all relevant times, Defendant was an entity covered by the OPPA and the Named Plaintiffs and the Ohio Rule 23 Class Members have been employed by Defendant within the meaning of the OPPA.

78. The OPPA requires Defendant to pay Named Plaintiffs and the Ohio Rule 23 Class Members all wages, including unpaid overtime, on or before the first day of each month, for wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by them during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

79. During relevant times, Named Plaintiffs and the Ohio Rule 23 Class Members were not paid all wages, including overtime wages at one and one-half times their regular rate within thirty (30) days of performing the work. *See* O.R.C. § 4113.15(B).

80. The Named Plaintiffs and the Ohio Rule 23 Class Members unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

81. In violating the OPPA, Defendant acted willfully, without a good faith basis, and with reckless disregard of clearly applicable Ohio law.

## FOURTH CAUSE OF ACTION:
## RECORDKEEPING VIOLATIONS OF THE OHIO WAGE ACT

82. All of the preceding paragraphs are realleged as if fully rewritten herein.

83. The Ohio Wage Act requires employers to maintain and preserve payroll or other records containing, among other things, the hours worked each workday and the total hours worked each workweek. *See* O.R.C. § 4111.08. *See also*, 29 C.F.R. §§ 516.2 *et seq.*

84. During times material to this complaint, Defendant was a covered employer, and required to comply with the Ohio Wage Act's mandates.

85. Named Plaintiffs and the Ohio Rule 23 Class Members were covered employees entitled to the protection of the Ohio Wage Act.

86. During times material to this complaint, Defendant violated the Ohio Wage Act with respect to Named Plaintiffs and the Ohio Rule 23 Class Members by failing to properly maintain accurate records of all hours Named Plaintiffs and the Rule 23 Class Members worked each workday and within each workweek.

87. In violating the Ohio Wage Act, Defendant acted willfully and with reckless disregard of clearly applicable Ohio Wage Act provisions.

## FIFTH CAUSE OF ACTION:
## RETALIATION IN VIOLATION OF FLSA – PLAINTIFF SETTLES

88. All of the preceding paragraphs are realleged as if fully rewritten herein.

89. The FLSA prohibits, among other things, any person from discharging or in any other manner discriminating against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to the FLSA, or has testified or is about to testify in any such proceeding. 29 U.S.C. § 215(a)(3).

90. Complaints may be verbal complaints about hours worked or wages paid.

91. Defendant is an employer covered by anti-retaliation provisions set forth in the FLSA, which aim to prevent employers from punishing individuals engaging in protected activity.

92. Plaintiff Settles was subject to the protection of the anti-retaliation provisions of the FLSA and was not exempt from those protections.

93. On or about December 6, 2019, Plaintiff Settles engaged in a protected activity when she contacted Defendant's Director of Sales, Kristy, to report Defendant's unlawful policies and procedures set forth above that resulted in unpaid overtime.

94. Specifically, Plaintiff Settles informed Kristy that her hours were being altered by her Store Manager, Josh, in the system to reduce the number of overtime hours she was working, including during lunches, resulting in unpaid overtime.

95. Kristy informed Plaintiff Settles that she would speak with Josh on December 9, 2019.

96. Plaintiff Settles replied to Kristy that she was concerned about Josh's and Assistant Store Manager's reaction to her complaint when they found out.

97. Kristy told Plaintiff Settles that there will be no retaliation.

98. Despite Kristy's assurances that Defendant would not retaliate against Plaintiff Settles, Defendant terminated Plaintiff Settles employment two days later which was Plaintiff's next scheduled day of work.

99. Although Defendant maintained a progressive discipline policy, Defendant never disciplined Plaintiff Settles prior to her termination.

100. Defendant's reason for terminating Plaintiff Settles was merely pretext.

101. Defendant retaliated against Plaintiff Settles because she complained about Defendant's wage, overtime, and recordkeeping violations.

102. By the conduct described above, Defendant has violated and are in violation of 29 U.S.C. § 215(a)(3).

103. In violating the FLSA, Defendant acted willfully, without a good faith basis and in reckless disregard of clearly applicable FLSA provisions.

104. Plaintiff Settles has been harmed by Defendant's acts or omissions described herein.

105. Plaintiff Settles has been damaged by Defendant's willful violation of the FLSA such that she is entitled to compensation therefore, including liquidated damages and attorney's fees.

**SIXTH CAUSE OF ACTION:**
**RETALIATION IN VIOLATION OF OHIO MINIMUM FAIR WAGE STANDARDS ACT – PLAINTIFF SETTLES**

106. All of the preceding paragraphs are realleged as if fully rewritten herein.

107. Ohio Revised Code Section 4111.13(B) provides that no employer shall discharge or in any other manner discriminate against any employee because the employee has made any complaint to the employee's employer, or to the director, that the employee has not been paid wages in accordance with sections 4111.01 to 4111.17 of the Ohio Wage Act.

108. During relevant times, Plaintiff Settles was employed by Defendant.

109. Defendant is an employer covered by anti-retaliation provisions set forth in the Ohio Wage Act, which aim to prevent employers from punishing individuals engaging in protected activity or from attempting to deter others from acting similarly.

110. During relevant times, Plaintiff Settles was subject to the protection of the anti-retaliation provisions of the Ohio Wage Act and is not exempt from those protections.

111. Plaintiff Settles engaged in a protected activity as set forth above.

112. When Plaintiff Settles was terminated, Defendant engaged in prohibited acts as set forth in O.R.C § 4111.13.

113. Defendant's retaliation as to Plaintiff Settles is causally linked to and motivated by Plaintiff exercising of her lawful rights.

114. Plaintiff Settles has been harmed and continues to be harmed by Defendant's acts or omissions described herein.

115. In violating the anti-retaliation provisions of the Ohio Wage Act, Defendant acted willfully, without a good faith basis and with reckless disregard of clearly applicable Ohio law.

116. Plaintiff Settles has been damaged by Defendant's violations of the Ohio Wage Act such that she is entitled to compensation.

### VII. PRAYER FOR RELIEF

**WHEREFORE**, as to Counts I through IV, Named Plaintiffs request judgment against Defendant for an Order:

    A. Certifying the proposed FLSA collective action;

B. Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the 216(b) Class apprising them of the pendency of this action, and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

C. Certifying the proposed Rule 23 Class under Ohio Law;

D. Directing Defendant, at its own expense, to investigate and account for the number of hours actually worked by Named Plaintiffs and the putative class and collective members per week, and because Defendant failed to keep accurate records in accordance with Ohio Law, Named Plaintiffs, the 216(b) Class Members and the Rule 23 Class Members are entitled to prove their hours worked with reasonable estimates;

E. Awarding to Named Plaintiffs and the 216(b) Class Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by the FLSA;

F. Awarding to Named Plaintiffs and the Rule 23 Class Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by Ohio Law;

G. Awarding Named Plaintiffs, the FLSA Class Members and the Rule 23 Class Members costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

H. Awarding Named Plaintiffs, the FLSA Class Members and the Rule 23 Class Members such other and further relief as the Court deems just and proper;

I. Issuing an injunction prohibiting Defendant from engaging in present, ongoing and future violations of the FLSA and Ohio Law;

J.   Granting Named Plaintiffs leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery; and

K.   Rendering a judgment against Defendant for all damage, relief, or any other recovery whatsoever.

**WHEREFORE**, as to Counts V and VI, Plaintiff Settles demands that this Court order the following:

(A)   An award against Defendant in an amount equal to the liability, losses, damages, liquidated damages, attorneys' fees, costs, expenses and any other amounts or remedies available under the law incurred by Plaintiff Settles as a result of Defendant's violations;

(B)   An Order directing Defendant to pay reasonable attorney's fees and all costs connected with this action;

(C)   Such other and further relief as to this Court may deem necessary, just and proper.

Respectfully submitted,

**COFFMAN LEGAL, LLC**

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
1550 Old Henderson Rd.
Suite #126
Columbus, Ohio 43207
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com

*Attorneys for Plaintiffs and those similarly situated.*

## **JURY DEMAND**

Plaintiffs request a trial by a jury of eight (8) persons.

>*/s/ Matthew J.P. Coffman*
>Matthew J.P. Coffman