# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **SABRENA BAKER and CHRISTINA SETTLES**, on behalf of themselves and all others similarly situated, | : : : : Case No. 2:20-CV-1996 |
| Plaintiffs, | : : Judge Edmund A. Sargus, Jr. |
| v. | : : Magistrate Judge Chelsey M. Vascura |
| **COLLINS MOBILE, LLC**, | : : **JOINT MOTION FOR APPROVAL OF** |
| Defendant. | : **COLLECTIVE ACTION SETTLEMENT** |

## INTRODUCTION

Representative Plaintiffs, Sabrena Bake ("Baker") and Christina Settles ("Settles") (collectively "Named Plaintiffs" or "Representative Plaintiffs"), and Defendant, Collins Mobile, LLC ("Collins") (Named Plaintiffs and Collins will be referred to collectively as the "Parties"), respectfully move this Court for an Order approving the Fair Labor Standards Act ("FLSA") settlement reached by the Parties and memorialized in the Joint Stipulation of Collective Action Settlement and Release ("Settlement" or "Agreement") attached as **Exhibit A**.  The Settlement was reached by experienced counsel during a full-day mediation with mediator Michael Ungar.  If approved, it will potentially provide individual payments to approximately 700 individuals, which includes the Named Plaintiffs.

The settlement documents submitted for approval or entry by the Court consist of the following:

    **Exhibit A:**    **Joint Stipulation of Collective Action Settlement and Release.**

    **Exhibit B:**    **Proposed Order of Dismissal and Approving Settlement**

**Exhibit C:** **Declaration of Matthew J.P. Coffman**[1]

The following sections explain the nature of the Action, the negotiations, the principal terms of the Settlement, and the propriety of approving the Settlement.

## FACTUAL AND PROCEDURAL BACKGROUND

### A. The Action and Settlement.

On April 20, 2020, Representative Plaintiffs filed this case (the "Lawsuit" or the "Action") against Collins on behalf of themselves and other similarly situated current and former employees who were or are employed by Collins. (Coffman Decl., ¶ 9; ECF No. 1).

In the Action, Representative Plaintiffs allege that Collins failed to pay them and other similarly-situated employees overtime for all hours worked in excess of 40 in a workweek in violation of the Fair Labor Standards Act, § 201 *et seq.* ("FLSA"), the Ohio Minimum Fair Wage Standards Act, and the Ohio Prompt Pay Act (R.C. §4113.15). Specifically, Representative Plaintiffs allege that Collins violated the FLSA and Ohio state law by failing to pay them and other similarly-situated employees (1) for meal breaks they were unable to take or that were otherwise interrupted by job duties, (2) for time they spent traveling between stores, and (3) for compensable time worked which was lessened through manual time punch edits. (Coffman Decl., ¶ 10; ECF No. 1). Collins denies these allegations and asserts that it properly paid its employees, including Representative Plaintiffs, for all hours worked.

On June 24, 2020, the Parties submitted a stipulation to stay these proceedings in order to allow the Parties time to exchange information and participate in a mediation with a private mediator in an attempt to resolve this matter. (ECF No. 6). The Court granted the Parties' stipulation on June 25, 2020. (ECF No. 7).

---

[1] ("Coffman Decl.")

The Parties mediated this case with an experienced mediator, Michael Ungar, on October 1, 2020.  Prior to the mediation, Collins provided time punch and pay records for Representative Plaintiffs, the current Opt-In Plaintiffs, and all putative class members (collectively referred to as "Plaintiffs") to Plaintiffs' Counsel for the relevant time period.  Plaintiffs' Counsel, with the assistance of its consultant, performed a damages analysis using this information.  The Parties reached a settlement at the October 1, 2020 mediation.  (Coffman Decl., ¶ 12).

**B.**     **The Settlement Terms.**

If approved by the Court, the Settlement will potentially cover approximately 700 Plaintiffs.  The total gross settlement amount is $358,125.00, which sum will cover: (a) all of the individual payments to the Plaintiffs; (b) Representative Plaintiffs' Service Payments[2]; (c) Plaintiffs' Counsel's attorneys' fees and expenses; (d) the cost of the settlement administration; (e) the cost of the mediator; and (f) settlement of Representative Settles's individual retaliation claim.[3]  (Coffman Decl., ¶ 14).

The net settlement amount – the gross settlement amount minus (b) through (e) above – will be divided into individual payments that include: (1) a minimum $10 payment; and (2) the remaining funds will be paid to the Plaintiffs based on their pro rata share of damages as computed by Plaintiffs' counsel. These individual settlement payments will be allocated as follows:  50% of each individual payment will be for alleged unpaid wages, and 50% of each individual payment will be for alleged statutory penalties.   (Agreement, §III(F)(7)).

Each potential plaintiff will receive a notice informing him or her of the opportunity to participate in this settlement by completing a claim form provided with the notice and returning the claim form to the settlement administrator within 60 days.  (Agreement, §III(A)(2)).  Each

---

[2] Baker and Settles will receive $5,000.00 each for service payments.
[3] Settles will receive $20,000.00 from the gross settlement amount to resolve her individual retaliation claim.

3

potential plaintiff who completes and returns a claim form will receive the minimum payment of $10 in addition to his or her allocated share of the net settlement amount, except that the Representative Plaintiffs and the prior Opt-Ins that have already joined the case and settlement do not have to return a duplicate consent form to claim their settlement share (the "Qualified Collective Members"). (Agreement, §III(F)(2)). $5,000 of the settlement amount will be paid to each Representative Plaintiff as Service Payments, in addition to their individual payments. (Agreement, §III(F)(3)). One-third of the gross settlement amount will be paid to Plaintiffs' Counsel for attorneys' fees. In addition, Plaintiffs' Counsel has requested to be reimbursed for their reasonable litigation expenses. All of those expenses were incurred in the Action. (Agreement, §III(F)(4), Coffman Decl., ¶ 27-29).

In exchange for these payments and other consideration provided for in the Agreement, the Action will be dismissed with prejudice, and the Qualified Collective Members will release Collins from federal, state, and local wage-and-hour claims, rights, demands, liabilities and causes of action, including but not limited to claims for unpaid wages, unpaid overtime compensation, liquidated damages, interest, attorneys' fees, and expenses arising prior to the date that the settlement is approved by the Court. (Agreement, §IV(B)). A proposed Order of Dismissal and Approving Settlement is attached hereto as **Exhibit B**.

## THE PROPRIETY OF APPROVAL

The Settlement is subject to approval by the Court pursuant to § 216(b) of the FLSA. As shown in the attached Declaration of Matthew Coffman, and as explained below, Court approval is warranted.

### A. The Seven-Factor Standard Is Satisfied.

The court presiding over an FLSA action may approve a proposed settlement of the action under the FLSA "after scrutinizing the settlement for fairness." *Landsberg v. Acton Enterprises,*

*Inc.*, 2008 WL 2468868 at *1 n.1 (S.D. Ohio June 16, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353-55 (11th Cir. 1982) (the court should determine whether the settlement is "a fair and reasonable resolution of a bona fide dispute") (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S. Ct. 925, 928 n.8 (1946))).

As a district court in the Sixth Circuit has observed, "[t]he need for the court to ensure that any settlement of [an FLSA] action treats the plaintiffs fairly is similar to the need for a court to determine that any class-action settlement is 'fair, reasonable, and adequate.'" *Crawford v. Lexington-Fayette Urban County Government*, 2008 WL 4724499, at *3 (E.D. Ky. Oct. 23, 2008). The Sixth Circuit uses seven factors to evaluate class action settlements, and the *Crawford* court applied those factors in assessing the fairness of an FLSA settlement:

> (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest.

*UAW v. General Motors Corp.*, 497 F.3d 615, 626 (6th Cir. 2007) (citing *Granada Invs., Inc. v. DWG Corp.*, 962 F.2d 1203, 1205 (6th Cir.1992); *Williams v. Vukovich,* 720 F.2d 909, 922-23 (6th Cir.1983)), *quoted in Crawford*, 2008 WL 4724499 at *3. As shown below and in the Declaration of Matthew Coffman, this standard supports approval of the Settlement.

    1.    <u>No Indicia of Fraud or Collusion Exists.</u>

The Parties' Counsel have extensive experience litigating FLSA claims, including claims for unpaid overtime. The Parties reached an agreement to settle this Action after a full day mediation with an experienced mediator, Michael Ungar. (Coffman Decl., ¶ 12). As such, there is no indicia of fraud or collusion.

    2.    <u>The Complexity, Expense and Likely Duration of Continued Litigation Favor Approval.</u>

5

The policy favoring the settlement of collective actions and other complex cases applies with particular force here. Employment cases in general, and wage-and-hour cases in particular, are expensive and time-consuming. The Parties continue to disagree over the merits of Plaintiffs' claims. In addition, Plaintiffs and Collins disagree about the applicability of the three-year statute of limitations and liquidated damages. (Coffman Decl., ¶ 22).

If forced to litigate this case further, the Parties would certainly engage in complex, costly, and protracted wrangling. The Settlement, on the other hand, provides substantial relief to Plaintiffs promptly and efficiently, and amplifies the benefits of that relief through the economies of class resolution. (Coffman Decl., ¶¶ 22-26).

       3.       <u>Investigation Was Sufficient to Allow the Parties to Act Intelligently.</u>

The Parties engaged in substantial investigation and informal discovery prior to negotiating the Settlement. Collins produced Plaintiffs' compensation and time records for the relevant time period. Plaintiffs' Counsel, in conjunction with its consultant, used that data to construct a damages model. Using that model, the Parties engaged in substantial negotiations over the course of a full day and came to an agreement at the mediation. (Coffman Decl., ¶ 11).

       4.       <u>The Risks of Litigation Favor Approval.</u>

Although the Parties believe in the merits of their positions, they recognize that the litigation of claims is uncertain in terms of duration, cost, and result. Continued litigation would be risky for all. (Coffman Decl., ¶¶ 22-26).

       5.       <u>Uncertainty of Recovery Supports Approval.</u>

Plaintiffs' range of possible recovery is also open to dispute. Even if Plaintiffs succeeded on the merits of their claims, the amount of recovery is uncertain and something upon which the Parties continue to disagree. (*Id.*). Specifically, Collins asserts that it paid Plaintiffs for all time

6

spent working and the amount of time, if any, Plaintiffs' spent working during their meal break or traveling between stores was minimal at best.

      6.      <u>Experienced Counsels' Views Favor Approval.</u>

The Parties' Counsel are experienced in wage and hour collective and class action cases. At all times, Plaintiffs' Counsel has acted in good faith, and have represented Plaintiffs' best interests in reaching the Settlement. (Coffman Decl., ¶¶ 1-8, 13, 21-26). The Parties' Counsel support the Settlement as fair and reasonable, and in the best interest of the Plaintiffs as a whole.

      **B.**      **<u>The Settlement Distributions Are Fair, Reasonable and Adequate.</u>**

As a part of the scrutiny it applies to an FLSA collective action settlement, "a court must ensure that the distribution of the settlement proceeds is equitable." *Crawford v. Lexington-Fayette Urban County Government*, 2008 WL 4724499 (E.D. Ky. Oct. 23, 2008) (citing *Ortiz v. Fibreboard Corp.,* 527 U.S. 815, 855 (1999). All components of the proposed distribution are proper and reasonable, and the settlement as a whole is fair, reasonable and adequate for the Plaintiffs.

      1.      <u>The Individual Payments Are Reasonable and Adequate.</u>

All individual payments will include the minimum $10 payment plus employees' pro rata share of the total damages as calculated by Plaintiffs' Counsel during the relevant timeframe. (Coffman Decl., ¶ 19, 23). The Qualified Collective Members who join the settlement class will receive payment that represents the value of missed meal periods during approximately 80% of their shifts. (*Id.* at ¶ 23).[4]

      2.      <u>Representative Plaintiffs' Additional Payments Are Proper.</u>

---

[4] The range of payments is from $10 (minimum payment) to $3,127.22 with an average payment of $259.

Service awards to a representative plaintiff recognizing the value of his or her services on behalf of other participants are proper. As stated in *In re Dunn & Bradstreet Credit Services Customer Litigation*, 130 F.R.D. 366 (S.D. Ohio 1990):

> Numerous courts have not hesitated to grant incentive awards to representative plaintiffs who have been able to effect substantial relief for classes they represent.

130 F.R.D. at 373 (citing *Wolfson v. Riley*, 94 F.R.D. 243 (N.D. Ohio 1981); *Bogosian v. Gulf Oil Corp.*, 621 F. Supp. 27, 32 (E.D. Pa. 1985); *In re Minolta Camera Products Antitrust Litigation*, 666 F. Supp. 750, 752 (D. Md. 1987)).

In this Circuit, service awards to representative plaintiffs are "typically justified when named plaintiffs expend more time and effort beyond that of other class members in assisting class counsel with litigation, such as by actively reviewing the case and advising counsel in prosecution of case." *In re Southern Ohio Correctional Facility*, 175 F.R.D. 270, 273, 276 (S.D. Ohio 1997).

The courts recognize that "differentiation among class representatives based upon the role each played may be proper in given circumstances." *Dun & Bradstreet*, 130 F.R.D. at 374 (citing *In re Jackson Lockdown/MCO Cases*, 107 F.R.D. 703, 710 (E.D. Mich. 1985)). *See also Enterprise Energy Corp. v. Columbia Gas Transmission Corp.*, 137 F.R.D. 240, 250 (S.D. Ohio 1991) (among the factors warranting incentive awards are the "time and effort spent" by the individuals in question and "whether these actions resulted in a substantial benefit to Class Members").

Plaintiffs' Counsel states that the Representative Plaintiffs, Baker and Settles, contributed significant time, effort, and detailed factual information that assisted Plaintiffs' Counsel in negotiating this settlement, and that their time and efforts support the requested service payments. In addition, Baker and Settles are signing a General Release in exchange for their service payment. The additional payment to Settles for her retaliation claim is reasonable as well given that it is

8

Plaintiffs' Counsel's position that she had a viable retaliation claim. The settlement payment attributable to the retaliation claim was a specific and material term agreed to by the parties during their lengthy mediation. (Coffman Decl., ¶ 15).

        3.      <u>The Attorneys' Fees and Expenses to Plaintiffs' Counsel Are Proper and Reasonable.</u>

After the Court has confirmed that the terms of settlement are fair to Plaintiffs, it may review the Parties' agreement as to the provision of fees and costs to Plaintiffs' Counsel. The Parties agreed at mediation to a total settlement amount. The Settlement reflects Collins' agreement to pay Plaintiffs' Counsel one-third of the total settlement amount and their reasonable expenses incurred in the Action out of that fund, subject to the Court's approval.

The FLSA provides that a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. § 216(b). In *Fegley v. Higgins,* 19 F.3d 1126, 1134 (6th Cir. 1994), *cert. denied,* 513 U.S. 875 (1994), the Sixth Circuit held that the FLSA's mandatory attorneys' fee provision "insure[s] effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances," and thus "encourage[s] the vindication of congressionally identified policies and rights." *Fegley,* 19 F.3d at 1134 (quoting *United Slate, Tile & Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307 v. G & M Roofing and Sheet Metal Co.,* 732 F.2d 495, 502 (6th Cir.1984)).

The attorneys' fees requested by Plaintiffs' Counsel should not be altered because counsel efficiently resolved this case without extensive litigation rather than prolonging the litigation and increasing their potential fees. Had this case not settled, Plaintiffs' Counsel would have vigorously litigated the case without any promise of success and compensation. At every step of the litigation, Collins could have succeeded. Therefore, the Plaintiffs were at a risk for non-payment. This risk

9

of non-payment strongly supports the amount requested here and warrants approval. (Coffman Decl., ¶ 24).

Expenses are estimated to be approximately $4,531.20. All expenses were incurred during the course of the litigation of this Action. (Coffman Decl., ¶ 29). In addition to the estimated expenses incurred in the prosecution of this Action to date, the parties agreed that the costs for mediator, Michael Ungar, and the costs of administration are to be deducted from the settlement fund. The parties were unlikely to resolve this matter without the assistance of Michael Ungar as they had divergent views of this case that were only brought together by Ungar because of his experience in resolving difficult and disputes. Both the mediator's costs and the costs of administration are reasonable and were necessary in the prosecution of this case. (Coffman Decl., ¶ 17).

## CONCLUSION

The Parties submit that this Settlement is a fair and reasonable resolution of the disputed issues, which is consistent with the goal of securing the just, speedy, and inexpensive determination of every action. Accordingly, the Parties request that this Court: (1) enter the proposed Order of Dismissal and Approving Settlement; (2) approve Plaintiffs' Counsel's request for attorneys' fees and expenses; (3) approve the Representative Plaintiff's Service Payment; (4) approve Settles' retaliation claim settlement; (5) approve payment to the third party settlement administrator; (6) approve payment to the mediator; and (6) retain jurisdiction to enforce the Settlement.

Dated: December 4, 2020

Respectfully submitted,

| **Attorneys for Plaintiffs** | **Attorney for Defendant** |
|---|---|
| **COFFMAN LEGAL, LLC** | **JACKSON LEWIS P.C.** |
| By:/s/ *Matthew J.P. Coffman* | By: /s/ *Robert J. Bowes* |

| | |
|---|---|
| Matthew J.P. Coffman (0085586) | Robert J. Bowes (0092871) |
| Adam C. Gedling (0085256) | Park Center Plaza I, Ste. 400 |
| 1550 Old Henderson Road, Suite 126 | 6100 Oak Tree Boulevard |
| Columbus, Ohio 43220 | Cleveland, Ohio  44131 |
| Telephone: 614.949.1181 | Telephone: 216.750.0404 |
| Facsimile: 614.386.9964 | Facsimile: 216.750.0826 |
| Email: mcoffman@mcoffmanlegal.com | Email: Robert.Bowes@jacksonlewis.com |
|       agedling@mcoffmanlegal.com | |

**CERTIFICATE OF SERVICE**

     I hereby certify that on December 4, 2020, the foregoing was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

                                             */s/ Matthew J.P. Coffman*
                                             Matthew J.P. Coffman
                                             *Counsel for Plaintiff*

4827-4120-0591, v. 3